IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT GREGG, ) | |
| Plaintiff, ) | Civil Action No. 7:14cv00234 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KEEN MOUNTAIN ) | |
| CORRECTIONAL CENTER, *et al.*, ) | By: Michael F. Urbanski |
| Defendants. ) | United States District Judge |

Plaintiff Vincent Gregg, a Virginia inmate proceeding *pro se*, filed a pleading which the court construes as a civil rights action pursuant to 42 U.S.C. § 1983.[1] Gregg alleges that his personal property was lost during his transfer and names only Keen Mountain Correctional Center and River North Correctional Center as defendants to this action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by *a person* acting under color of state law. West v. Atkins, 487 U.S. 42 (1988) (emphasis added). As neither Keen Mountain Correctional Center nor River North Correctional Center is a "person" subject to suit under § 1983, the court finds that Gregg cannot maintain his action against the defendant correctional centers. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Accordingly, the court will dismiss Gregg's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief could be granted.

Entered: June 23, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Although Gregg mentions the Federal Tort Claims Act in his pleading, he names no federal defendants to the action. Accordingly, the court finds his claims are more properly raised in a civil rights action pursuant to § 1983.